**LAQUER, URBAN, CLIFFORD & HODGE LLP**
J. Paul Moorhead, State Bar #240029
Email: moorhead@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>SULLY'S PRECISION GRADING, LLC, a California limited liability company,<br><br>Defendant. | Case No. 5:16-cv-02495<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS AND ERISA** |

Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust complain and allege:

///

///

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. § 1132(e)(1)] which grants the United States District Court jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") [29 U.S.C. § 185(a)] which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and section 301(a) of the LMRA [29 U.S.C. § 185(a)] in that this is the district in which the plaintiffs' trust funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

5. Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively "Trustees"), are the trustees of four express trusts (collectively "Trusts") created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action,

labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6. The Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

7. Plaintiffs are informed and believe and thereon allege that at all times material herein defendant Sully's Precision Grading, LLC ("Sully's LLC") has been a limited liability company organized and existing by virtue of the laws of California, with its principal place of business located in Riverside County, California.

8. Plaintiffs are informed and believe and thereon allege that at all times material herein Sully's LLC was an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1) and 142(3)] and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

**CLAIM FOR RELIEF**

**BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS AND ERISA**

9. Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 8 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

10. On June 3, 2005, Sully's LLC executed and delivered an agreement to Local 12, whereby Sully's LLC agreed to be bound by the terms and conditions of a collective bargaining agreement identified as the Master Construction Labor Agreement (the "Master Agreement") in effect between Local 12 and the Southern California Contractors Association, Inc. Also on June 3, 2005, Sully's LLC signed written acknowledgments and acceptances of each of the Trust Agreements. At all material times herein, Sully's LLC has been bound by and to the Master Agreement and to each of the Trust Agreements.

11. Sully's LLC is an "employer" and a "contractor," as those terms are understood in the Master Agreement and the Trust Agreements.

12. Sully's LLC is an "employer" as defined in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

13. By the terms and provisions of the Master Agreement and the Trust Agreements, and at all times material herein, Sully's LLC agreed, and was obligated, to the following:

A. Prepare and submit true, complete and accurate written monthly contribution reports (hereinafter "Reports") to the Trusts on a timely basis showing the identity of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and the proper calculation of the fringe benefit contributions due for such employees. These Reports must be submitted to the Trusts at their administrative offices in Pasadena, California, on or before the 10th day of each successive month;

B. Permit the Trusts and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid to the Trust pursuant to the Master Agreement and related Trust Agreements; and

C. Pay to the Trusts fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable to the Trusts at their administrative offices in Pasadena, California, on or before the 10th day of each successive month.

14. Section 515 of ERISA [29 U.S.C. § 1145] provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Plaintiffs are informed and believe, and thereon allege, that pursuant to section 515 of ERISA [29 U.S.C. § 1145] Sully's LLC was obligated to make contributions to the Trusts.

///

15. Section 429 of ERISA [29 U.S.C. § 1059] provides [e]very employer shall … maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." Plaintiffs are informed and believe, and thereon allege, that pursuant to section 429 of ERISA [29 U.S.C. § 1059] Sully's LLC was obligated to maintain records sufficient to allow the Trusts to determine the contributions owed by Sully's LLC, and the benefits due to the employees of Sully's LLC.

16. Sully's LLC failed to submit any Reports to the Trusts for the months of May 2016 and June 2016. Failure to submit these Reports is a breach of the Master Agreement. Plaintiffs are informed and believe and thereon allege that Sully's LLC failed to pay contributions in amounts not presently known to the Trusts based on work performed in May 2016 and June 2016. These amounts shall be established by proof.

17. Plaintiffs are informed and believe and thereon allege that Sully's LLC failed to pay additional amounts of contributions in amounts not presently known to the Trusts. These amounts shall be established by proof.

18. The Master Agreement provides that if any employee who performs covered work is paid in a manner other than an hourly wage, Sully's LLC must pay the Trusts fringe benefit contributions on behalf of that employee based on 40 hours of work per week. Plaintiffs are informed and believe and thereon allege that at all times material to this action Randall Sullivan ("Mr. Sullivan") performed work for Sully's LLC that was covered by the Master Agreement for which he was paid other than an hourly wage.

19. Plaintiffs are informed and believe and thereon allege that at all times material to this action Mr. Sullivan was the principal of Sully's LLC. On or about October 1, 2014, Sully's LLC signed a written Principal Employee Program Participation Agreement (the "PEPPA"). The PEPPA permitted Sully's LLC to report and pay contributions on behalf of Mr. Sullivan at a flat monthly rate in lieu of paying contributions on his behalf based on 40 hours of work per week as provided by the

Master Agreement. The PEPPA provides that if Sully's LLC fails to abide by the terms and conditions of the PEPPA, Sully's LLC must pay fringe benefit contributions on behalf of Mr. Sullivan based on 40 hours of work per week as provided in the Master Agreement.

20. Sully's LLC breached the PEPPA by failing to pay the flat rate contributions for Mr. Sullivan during the months of April 2016 through June 2016. As the result of this breach, under the PEPPA and the Master Agreement Sully's LLC is obligated to pay the Trustees $12,922.00 for fringe benefit contributions based on 40 hours of work per week on behalf of Mr. Smith for the months of April 2016 through June 2016.

21. Sully's LLC is "delinquent," as that term is used in the Master Agreement and/or the Trust Agreements.

22. Sully's LLC violated section 515 of ERISA [29 U.S.C. § 1145] by failing to pay fringe benefit contributions to the Trusts.

23. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: i) the unpaid contributions, ii) interest on the unpaid contributions, iii) an amount equal to the greater of a) interest on the unpaid contributions or b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, iv) reasonable attorneys' fees and costs and v) such other legal or equitable relief as the Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

24. Pursuant to the Master Agreement, Trust Agreements and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Sully's LLC is obligated to pay to the Trusts liquidated damages for the detriment caused by the failure of Sully's LLC to

timely pay fringe benefit contributions. Pursuant to the Master Agreement, liquidated damages are to be assessed at ten percent (10%) of the untimely contributions. The exact amount of liquidated damages owed by Sully's LLC to the Trusts will be established by proof.

25. Pursuant to the Master Agreement, Trust Agreements and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Sully's LLC owes the Trusts interest on all unpaid fringe benefit contributions from the dates the sums were originally due to the Trusts until paid. The amount of said interest will be established by proof.

26. Pursuant to the Master Agreement, Trust Agreements and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], Sully's LLC agreed that in the event of any delinquency, it would pay all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

27. It has been necessary for Plaintiffs to engage legal counsel and incur audit costs for the purpose of collecting contributions and damages from Sully's LLC. The Trusts are entitled to their reasonable attorneys' fees and audit costs in connection therewith. The exact amount of the legal fees and audit costs shall be established by proof.

28. By the Master Agreement, Sully's LLC agreed that in the event it failed to pay contributions or otherwise comply with the terms of the Master Agreement and Trust Agreements, to post and deliver a good faith deposit or performance bond issued in favor of the Trusts, in an amount based upon a calculation set forth in the Master Agreement. The Trusts are entitled to such good faith deposit and delivery of monies or bond from Sully's LLC. The amount of the good faith deposit or bond will be established by proof.

29. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall also request the Court to:

A. Order Sully's LLC and its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

B. Order Sully's LLC and its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts, in an amount determined by the Court to be appropriate;

C. Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Trusts; and

D. Order Sully's LLC and its representatives, agents and associates, to pay the Trusts all amounts due to the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

**PRAYER**

WHEREFORE, the Trusts pray for judgment as follows:

1. For unpaid fringe benefit contributions and other damages for breach of the Master Agreement, the PEPPA, the Trust Agreement and ERISA in amounts as proved;

2. For liquidated damages in amounts as proved;

3. For interest at the applicable rate on all amounts due from their respective due dates until paid;

4. For Plaintiffs' audit costs in amounts as proved;

5. For Plaintiffs' reasonable attorneys' fees in amounts as proved;

6. For costs of suit incurred herein; and

7. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

A. An Order directing defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible,

that are the result, whether in whole or in part, of the use of any unpaid contributions;

B. An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Trusts; and

C. An Order directing defendant, its representatives, agents and associates, to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

Dated: December 2, 2016 LAQUER, URBAN, CLIFFORD & HODGE LLP

By: *<u>/S/ - J. Paul Moorhead</u>*
J. Paul Moorhead, Counsel for Plaintiffs
Trustees of the Operating Engineers Pension Trust, et al.

**WAIVER OF JURY RIGHT**

Dated: December 2, 2016 LAQUER, URBAN, CLIFFORD & HODGE LLP

By: *<u>/S/ - J. Paul Moorhead</u>*
J. Paul Moorhead, Counsel for Plaintiffs
Trustees of the Operating Engineers Pension Trust, et al.